UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, | | |
| Plaintiff, | | CIVIL ACTION |
| v. | | FILE NO. CA-03-159T |
| NECSAS CORP., | | |
| and | | |
| DAVID COMEAU, | | |
| Defendants. | | |

## PETITION FOR ADJUDICATION OF CIVIL CONTEMPT

The petition of the Secretary of Labor, United States Department of Labor, for adjudication of civil contempt respectfully represents:

I.

Defendants NECSAS Corp. and David Comeau had a principal office and place of business located in Tiverton, Rhode Island within the jurisdiction of this Court, and were engaged at said place in the operation of a business engaged in computer servicing and software development..

II.

On February 3, 2004, a Default Judgment was entered herein by the Honorable Ernest C. Torres in which the defendants were permanently enjoined and restrained from violating the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.,and ordered to repay to the NECSAS 401(k) Plan ("the Plan") the amount of $76,214.90, plus an additional amount in post-judgment interest at a rate of 1.31 per cent. In addition, the Court permanently enjoined Defendants NECSAS Corp. and David Comeau from serving as a fiduciary to any other ERISA-covered benefit plan in the future.

III.

Since entry of the aforesaid Judgment, representatives of the Petitioner have made demand on Defendants for the restitution directed by the Judgment but said demand has failed to produce the payment.

IV.

Defendants failed and refused and are continuing to fail and refuse to comply with the aforesaid Judgment of this Court by failing and refusing to pay to the Plan the restitutionary payments as required by the Judgment.

V.

Your Petitioner and her duly authorized representatives have been put to considerable expense in bringing the aforesaid violation of the Court's Judgment to the attention of the Court.

WHEREFORE, your petitioner requests:

(1) That the Court issue an order to show cause directing said Defendants to appear before this Court, then and there to show cause, if any exists, why they should not be found in civil contempt of this Court.

(2) Upon return of the order to show cause, and upon a finding that the Defendants are in civil contempt of this Court, Defendants be directed to immediately pay the total amount of restitution withheld, plus interest; failing this, Defendants be directed to pay a coercive fine in such amount as the Court may fix;

(3) Defendants be directed to pay the amount of the expenses of the United States Department of Labor for the prosecution of this cause; and be directed to pay all other costs of this action, and be subject to attachment, sequestration of property, or such other action as this Court in the aid of its adjudication may direct.

Howard M. Radzely
Solicitor of Labor

Post Office Address:
Office of Solicitor
U.S. Department of Labor
Room E-375
John F. Federal Building
Boston, MA 02114
(617) 565-2500

Frank V. McDermott, Jr.
Regional Solicitor

*/s/ Gail E. Glick*
Gail E. Glick
Attorney

U.S. Department of Labor
Attorneys for Plaintiff

Date: November 1, 2006

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, Plaintiff, | CIVIL ACTION |
| v. | FILE NO. CA-03-159T |
| NECSAS CORP., and DAVID COMEAU, Defendants. | |

**PLAINTIFF'S MEMORANDUM OF LAW SUPPORTING PETITION FOR ADJUDICATION OF CONTEMPT**

I. Facts

On April 25, 2003, the Secretary of Labor, Plaintiff in the above-captioned matter, instituted a civil action for equitable relief against Defendants NECSAS Corp. and David Comeau, on account of their violations of various provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*,(hereinafter, "the Act" or "ERISA"). See Exhibit 1. The equitable relief sought included restitution of losses to the NECSAS Corp. 401(k) Plan (hereinafter, "the Plan") due to breaches of Defendants' fiduciary duties, disgorgement of proceeds to the Plan resulting from Defendants' participation in prohibited transactions, and a permanent injunction against Defendants NECSAS Corp. and David Comeau from serving as a fiduciary to any other ERISA-covered benefit plan.

Summons and complaint were duly served on defendants NECSAS Corp. and David Comeau in person on June 13, 2003. See Exhibit 1. No answer or other defense having

been filed by defendants NECSAS Corp. and David Comeau, default was entered in the civil docket in the Office of the Clerk of this Court on the November 21, 2003. No proceedings were taken by defendants NECSAS Corp. and David Comeau after default was entered. Defendants were not and based on plaintiff's research, are not in the military service (see attached verification) and were not and, to the best of plaintiff's knowledge and belief, are not an infant or incompetent.

On February 3, 2004, the Court entered a Judgment by Default in this action ordering said defendants to pay restitution to the Plan in the amount of $76,214.90 plus post-judgment interest at a rate of 1.31 per cent, and permanently enjoining said defendants from serving as fiduciaries to any ERISA-covered plan in the future. See Exhibit 2. Default Judgment was served on Defendants in hand on March 20, 2004. See Exhibit 3.

A demand letter dated January 31, 2005 was served on Defendants in hand on February 7, 2005. See Exhibit 4. At no time have Defendants responded to the Courts' Order or to Plaintiff's demand by paying restitution to the Plan.

By letter dated February 15, 2005, Defendant David Comeau's attorney stated that Comeau is "unable to pay the full amount and/or any amount at this time." See Exhibit 5.

On February 23, 2005, Plaintiff sent to Defendant Comeau's attorney a Declaration of Financial Status for Defendant Comeau to complete and submit with documentation to Plaintiff. See Exhibit 6. The intent of the Declaration is to verify and corroborate Defendant Comeau's claim of his inability to pay any or all of the Judgment.

To date, Defendant Comeau has failed to submit said Declaration of Financial Status or any documentation demonstrating or supporting a claim of inability to pay; and, neither he nor his attorney have been responsive to Plaintiff's repeated inquiries.

II. <u>Applicable Law</u>

When a defendant has failed to make payment pursuant to an equitable decree -- such as one ordering restitution, and other injunctive relief -- the civil contempt procedure is

the proper mechanism for enforcing the judgment. A judgment ordering make whole payment is not a mere judgment for money damages, but rather an injunction in the public interest and, therefore, properly enforceable by a judgment of contempt. McComb v. Jacksonville Paper Co., 336 U.S. 187, 193-94, 69 S.Ct. 497, 500-01 (1949); Tobin v. LaDuke, 190 F.2d 677, 678 (9th Cir. 1951); Usery v. Fisher, 565 F.2d 137, 139-40 (10th Cir. 1977).

It is well established that the civil contempt procedure is appropriate to ensure compliance with and effect the policies and guarantees of the Employee Retirement Income Security Act. Donovan v. Mazzola, 716 F.2d 1226, 1239-40 (9th Cir. 1983), *cert. denied*, 104 S.Ct. 704 (1984)(order requiring pension fund trustees to post indemnity bond to protect fund from losses stemming from prohibited loans was enforceable by contempt sanctions); Bourgal v. Lakewood Haulage, Inc., 827 F. Supp. 126 (E.D.N.Y. 1993) (plaintiff failed to satisfy criteria to find employer in civil contempt of Order requiring payment of delinquent fringe benefit contributions to employee pension fund); Robbins v. Labar Transportation Corp., 599 F. Supp. 705, 708 (N.D. Ill. 1984) (order requiring employer to satisfy its obligation for past-due contributions to employee trust fund was enforceable by contempt sanctions); *see also,* Pierce v. Vision Investments, Inc., 779 F.2d 302, 307-308 (5th Cir. 1986).

The same considerations apply to adjudicating civil contempt matters pertaining to ERISA as they do to matters involving other federal statutes where national labor policies are at stake, such as the Fair Labor Standards Act of 1938, 29 U.S.C. 201 *et seq*. *See*, Hodgson v. Hotard, 436 F.2d 1110 (5th Cir. 1971); Wirtz v. Jones, 340 F.2d 901 (5th Cir. 1965). ERISA was enacted to promote the continued well-being and security of employees, and the provision for civil enforcement, Section 502 of the Act, was enacted to provide the appropriate remedies, sanctions and ready access to the federal courts. "The assurances of the ERISA would be hollow if the courts could not enforce judgments against employers...." Robbins at 708. The injunctive relief sought here to make the Plan whole is not designed simply to collect a debt owed by a Plan fiduciary to the Plan but "to correct a continuing

offense against the public interest" and to insure public confidence in the efficacy of the Act. Robbins at 708, quoting Wirtz at 904.

To establish a prima facie case for civil contempt, the Secretary of Labor must show that (1) there is a clear and unambiguous order; (2) the defendant has failed, clearly and convincingly, to comply with the order; and (3) the defendant "has not been reasonably diligent and energetic in attempting to accomplish what was ordered." Bourgal at 130, quoting Drywall Tapers and Pointers, Local 1974, etc. v. Local 530 of Operative Plasterers & Cement Masons Internatl Assn., 889 F.2d 389, 394 (2d Cir. 1989), *cert. denied*, 494 U.S. 1030, 110 S.Ct. 1478 (1990), and Powell v. Ward, 643 F.2d 924, 931 (2d Cir. 1981), *cert. denied,* 454 U.S. 832, 102 S.Ct. 131 (1981); Reich v. Weaver, 1993 WL 133724 (N.D.N.Y. 1993).

From the facts set forth, the Secretary has established a prima facie case. Accordingly, the Defendants must be held in contempt unless they can plainly establish an inability to pay. Donovan v. Sovereign Security, Ltd., 726 F.2d 55, 59-60 (2d Cir. 1984). Unsubstantiated claims of an inability to pay the judgment are insufficient. The Defendants' "burden is heavy...[they] must plainly and unmistakably manifest the correctness of [their] cause." Hodgson at 1115.

To date, the Defendants in this matter have not provided documentation supporting any claim of inability to pay. Presumably, had the Court's Order for restitution placed such an intolerable burden upon the Defendants, they would have moved the court for modification of the Order. However, the defendants have not filed any such motion, have made no payment, and give no indication that payment will be forthcoming.

The Court may grant whatever sanctions are necessary to enforce compliance. Civil contempt sanctions are designed to compel compliance and are considered to be coercive and avoidable through obedience. International Union, United Mine Workers of America v. Bagwell, 512 U.S. 821, 826, 114 S.Ct. 2552, 2556 (1994). Appropriate sanctions include an order requiring a defendant to pay the make whole remedy plus interest as provided in the Judgment by specified dates. The Court may also order that a defendant be taken into

custody if he fails to meet the payment deadlines and that he remain in custody until such time as the sum is paid. Shakman v. Democratic Organization of Cook County, 533 F.2d 344, 349, n.8 (7th Cir. 1976), *cert. denied*, 429 U.S. 858 (1976); Donovan v. Gates Security, Inc., 97 LC ¶ 34,371 (CCH) (D. Mass. 1983); Wirtz v. Harry George (Tremont Sportswear), 53 LC ¶ 31,760 (CCH) (D. Mass. 1966). Since the Judgment is not one for money damages, the prohibitions against imprisonment for debt are inapplicable; the defendant would not be imprisoned for debt but rather for his failure to comply with an order of the court. Usery at 139. These sanctions are also applicable where a defendant fails to appear, plead or otherwise show cause at the contempt hearing. Donovan v. Gates Security, Inc., *supra.*

III. Conclusion

For the reasons discussed above, Plaintiff seeks restitution to the NECSAS 401(k) Plan from the Defendants in the amount of $76,214.90, plus post-judgment interest at a rate of 1.31 per cent, and costs. Since Defendants have refused to make such restitution or even to respond to Plaintiff's requests, Plaintiff petitions to have the Court order the Defendants to show cause why they should not be held in civil contempt for failing to comply with its Judgment.

Howard M. Radzely
Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

*/s/ Gail E. Glick*
Gail E. Glick
Attorney

U.S. Department of Labor
Attorneys for Plaintiff

Post Office Address:
Office of Solicitor
U.S. Department of Labor
Room E-375
John F. Federal Building
Boston, MA 02114
(617) 565-2500

Date: November 2, 2006

Department of Defense Manpower Data Center

OCT-31-2006 11:52:47

Military Status Report
Pursuant to the Servicemembers Civil Relief Act

| Last Name | First/Middle | Begin Date | Active Duty Status | Service/Agency |
|---|---|---|---|---|
| COMEAU | David A. | Based on the information you have furnished, the DMDC does not possess any information indicating that the individual is currently on active duty. | | |

Upon searching the information data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the current status of the individual as to all branches of the Military.

Mary M. Snavely-Dixon

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
1600 Wilson Blvd., Suite 400
Arlington, VA 22209-2593

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The Department of Defense strongly supports the enforcement of the Servicemembers Civil Relief Act [50 USCS Appx. #167;#167; 501 et seq] (SCRA) (formerly the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual is on active duty, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's active duty status by contacting that person's Military Service via the "defenselink.mil" URL provided below. If you have evidence the person is on active-duty and you fail to obtain this additional Military Service verification, provisions of the SCRA may be invoked against you.

If you obtain further information about the person ( e.g., an SSN, improved accuracy of DOB, a middle name), you can submit your request again at this Web site and we will provide a new certificate for that query.

This response reflects current active duty status only. For historical information, please contact the Military Service SCRA points-of-contact.

See: http://www.defenselink.mil/faq/pis/PC09SLDR.html

WARNING: This certificate was provided based on a name and Social Security number (SSN) provided by the requester. Providing an erroneous name or SSN will cause an erroneous certificate to be provided.

*Report ID:* ***VWBZWMPPHG***

EXHIBIT 1

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF RHODE ISLAND

FILED
APR 25 2003
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION |
| NECSAS CORP., | * | FILE NO. |
| and | * | CA 03 159T |
| DAVID COMEAU, | * | |
| Defendants. | * | |

## COMPLAINT

Elaine L.Chao, Secretary of the United States Department of Labor, hereby alleges:

(1) This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, and is brought to obtain equitable relief, to redress violations, to obtain restitution from employee benefit plan fiduciaries and parties in interest, and to obtain other equitable relief necessary to enforce the provisions of Title I of ERISA, pursuant to ERISA §§ 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5).

(2) The Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

(3) Venue of this action lies in the District of Rhode pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

(4) During the pertinent period, August 1, 1999 to the present ("pertinent period"), NECSAS Corp. ("NECSAS") has been an employer within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5), and has been, a corporation having an office and place of business at 88 Main Road, Tiverton, Rhode Island within the jurisdiction of this Court.

(5) NECSAS established, on January 1, 1999, the NECSAS Corp. 401(k) Plan ("the Plan"), an employee pension benefit plan within the meaning of ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A), and which is covered under ERISA pursuant to § 4(a), 29 U.S.C. § 1003(a).

(6) The purpose of the Plan is to provide retirement benefits for the exclusive benefit of its participants, employees of NECSAS, and their beneficiaries.

(7) NECSAS is the sponsor of the Plan, as defined by ERISA § 3(16)(B)(i), 29 U.S.C. § 1002(16)(B)(i), and acted as Plan Administrator for the Plan during the pertinent period and, as such, is, and was, a fiduciary with respect to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). Furthermore, at all times relevant hereto, Defendant NECSAS is, and was, a party in interest within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

(8) During the pertinent period, Defendant David Comeau ("Comeau") was, and is, the Trustee of the Plan and, at all times material hereto, exercised authority or control respecting management or disposition of assets of the Plan. As such, Comeau is, and was, a fiduciary with respect to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). Furthermore, during the pertinent period, Defendant Comeau is, and was, president and majority stockholder of Defendant NECSAS and, as such, is, and was, a party in interest with respect to the Plan within the meaning of ERISA § 3(14)(A), (E) and (H), 29 U.S.C. § 1002(14)(A), (E) and (H).

(11) According to Plan documents, during the pertinent period, the Plan was, and is, to be funded by withheld employee contributions in accordance with each employee participant's election. The withheld contributions on behalf of each Plan participant during the pertinent period became assets of the Plan by operation of 29 C.F.R. § 2510.3-102.

(12) According to Plan documents, during the pertinent period, the Plan was, and is, to be funded by discretionary employer matching contributions.

(13) During the pertinent period, Defendant NECSAS failed to forward to the Plan withheld employee contributions totaling $60, 023.09, and employer matching contributions totaling $5,820.54.

(14) According to Plan documents, during the pertinent period, Defendant Comeau, as Trustee, was, and is, responsible for receiving and collecting any and all monies and other property due to the Plan, including contributions.

(15) During the pertinent period, Defendant Comeau failed to take appropriate measures to receive and collect any and all employee and employer contributions due to the Plan.

(16) According to Plan documents, during the pertinent period, Defendant NECSAS, as Plan Administrator, was, and is, responsible for filing annual disclosure reports and tax forms.

(17) During the pertinent period, Defendant NECSAS, as Plan Administrator, failed to file annual disclosure reports and tax forms.

(18) As a result of the conduct set forth at paragraphs 12-15, Defendants NECSAS and Comeau failed to discharge their fiduciary duties for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A).

(19) As a result of the conduct set forth at paragraphs 14 and 15, Defendant Comeau failed to discharge his fiduciary duties with care, skill, prudence and diligence, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

(20) As a result of the conduct set forth at paragraphs 11-17, Defendants NECSAS and Comeau failed to discharge their fiduciary duties in accordance with the documents and instruments governing the Plan, in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).

(21) As a result of the conduct set forth at paragraphs 12-15, Defendants NECSAS and Comeau engaged in prohibited transactions by causing or permitting the Plan to engage in transactions constituting a direct or indirect transfer to or use of plan assets for the benefit of NECSAS, a party in interest with respect to the Plan, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).

(22) As a result of the conduct set forth at paragraphs 12-15, Defendants NECSAS and Comeau engaged in prohibited transactions by dealing with the assets of the plan in their own interest or for their own account, in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1).

(23) As a result of the conduct set forth at paragraphs 16-17, Defendant NECSAS has failed to file accurate and comprehensively detailed reports and documents, in violation of ERISA §104(a), 29 U.S.C. §1024(a).

WHEREFORE, the Secretary of Labor prays that this Court enter an Order:

(1) Permanently enjoining Defendants from violating, or knowingly participating in violations of, the provisions of ERISA §§ 404 and 406, 29 U.S.C. §§ 1104 and 1106;

(2) Permanently enjoining Defendants from serving as fiduciaries to the Plan or any other employee benefit plan covered by ERISA;

(3) Requiring Defendants to undo the prohibited transactions in which they engaged and to restore to the Plan any and all losses incurred as a result of breaches of their fiduciary duties and violations they committed or for which they are liable, with appropriate interest;

(4) Awarding to Plaintiff the costs of this action, and other relief as is equitable and just.

Margaret E. Curran
U.S. Attorney
District of Rhode Island
Fleet Center
50 Kennedy Plaza, 8th fl.
Providence, RI 02903
(401) 528-5477

Howard Radzely
Acting Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

Gail E. Glick
Attorney

U.S. Department of Labor
Attorneys for Plaintiff

Post Office Address:

U.S. Department of Labor
Office of the Solicitor
JFK Federal Building
Room E-375
Boston, MA 02203

TEL: (617) 565-2500
FAX: (617) 565-2142

DATE: 4-21-03

# AFFIDAVIT OF SERVICE

**State of Rhode Island** **County of Rhode Island State** **U.S. District Court**

Case Number: CA 03-159

Plaintiff:
**Elaine L. Chao, Secretary of Labor, United States Department of Labor**

vs.

Defendant:
**NECSAS Corp. and David Comeau**

For:
United States Department of Labor
Office Of The Solicitor
John F. Kennedy Federal Building-Room E-
Boston, MA 02203

Received by ATTORNEY SUBPOENA SERVICES, INC to be served on **DAVID COMEAU, 35 Earle Street, Fall River, Massachusetts.**

I, Jason Rudy, being duly sworn, depose and say that on the **13th day of June, 2003** at **7:10 am, I:**

**Individually Served** the within named person with a true copy of this **Summons in a Civil Case and Complaint** with the date and hour endorsed thereon by me, pursuant to State Statutes.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of America.

**Description** of Person Served: Age: 30s, Sex: M, Race/Skin Color: White, Height: 5'9", Weight: 400, Hair: Brown, Glasses: N

I certify that I am over the age of 18 and have no interest in the above action.

Subscribed and Sworn to before me on the 13th day of June, 2003 by the affiant who is personally known to me.

NOTARY PUBLIC

LORI E. IPPOLITO
Notary Public
Commonwealth of Massachusetts
My Commission Expires
September 4, 2009

Jason Rudy
Process Server/Constable

**ATTORNEY SUBPOENA SERVICES, INC**
**27 Glen Street**
**Suite 9 B**
**Stoughton, MA 02072**
**(877) 786-5374**
Our Job Serial Number: 2003000099

Service Fee: ________

Copyright © 1992-2001 Database Services, Inc. - Process Server's Toolbox V5.5f

# AFFIDAVIT OF SERVICE

**State of Rhode Island** **County of Rhode Island State** **U.S. District Court**

Case Number: CA 03-159

Plaintiff:
**Elaine L. Chao, Secretary of Labor, United States Department of Labor**

vs.

Defendant:
**NECSAS Corp. and David Comeau**

For:
United States Department of Labor
Office Of The Solicitor
John F. Kennedy Federal Building-Room E-
Boston, MA 02203

Received by ATTORNEY SUBPOENA SERVICES, INC to be served on **NECSAS CORPORATION, David Comeau, President, 35 Earle Street, Fall River, Massachusetts.**

I, Jason Rudy, being duly sworn, depose and say that on the **13th day of June, 2003** at **7:10 am, I:**

Served the within named corporation by delivering a true copy of the **Summons in a Civil Case and Complaint** with the date and hour of service endorsed thereon by me to David Comeau, as President of above named corporation of the within named corporation, in compliance with State Statutes.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of America.

**Description** of Person Served: Age: 30s, Sex: M, Race/Skin Color: White, Height: 5'9", Weight: 400, Hair: Brown, Glasses: N

I certify that I am over the age of 18 and have no interest in the above action.

Subscribed and Sworn to before me on the 13th day of June, 2003 by the affiant who is personally known to me.

Lori E. Ippolito
NOTARY PUBLIC

LORI E. IPPOLITO
Notary Public
Commonwealth of Massachusetts
My Commission Expires
September 4, 2009

Jason Rudy
**Jason Rudy**
Process Server/Constable

**ATTORNEY SUBPOENA SERVICES, INC**
**27 Glen Street**
**Suite 9 B**
**Stoughton, MA 02072**
**(877) 786-5374**
Our Job Serial Number: 2003000100

Service Fee: ________

Copyright © 1992-2001 Database Services, Inc. - Process Server's Toolbox V5.5f

EXHIBIT 2

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF RHODE ISLAND

RECEIVED
JAN 13 2004
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, Plaintiff, | CIVIL ACTION |
| v. | FILE NO. CA-03-159T |
| NECSAS CORP., and DAVID COMEAU, Defendants. | |

## DEFAULT JUDGMENT

Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor, having filed a complaint and defendants NECSAS Corp. and David Comeau, having been duly served with a copy of the complaint and summons, defendants NECSAS Corp. and David Comeau having failed to plead or otherwise defend within the time prescribed by law, and default of defendants NECSAS Corp. and David Comeau having been duly entered by the Clerk of this Court, and the truth of the allegations contained in the complaint having been made to appear by the affidavit of James M. Benages, Regional Director of the Employee Benefits Security Administration of the U.S. Department of Labor, now, therefore, upon application of the plaintiff and for cause shown,

JUDGMENT IS HEREBY ENTERED against defendants NECSAS Corp. and David Comeau in accordance with the prayer of the complaint in the above-styled action; and it is

ORDERED, ADJUDGED and DECREED that defendants NECSAS Corp. and David Comeau are permanently enjoined from violating Sections 404 and 406 of Title I of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*

It is also ORDERED, ADJUDGED and DECREED that defendants NECSAS Corp. and David Comeau reimburse the NECSAS Corp. 401(k) Plan in the amount of $60,023.09, representing the withheld employee contributions due and owing to the Plan, plus prejudgment interest in the amount of $ 16,191.81, calculated at the Internal Revenue Service interest rate for the applicable time period. Interest shall accrue from the date of this Judgment at the rate of 1.31%, the applicable Internal Revenue Service interest rate, until paid.

FURTHER, it is ORDERED that the United States Marshal cause a true copy of this Judgment to be served on defendants NECSAS Corp. and David Comeau and it is further

ORDERED that defendants NECSAS Corp. and David Comeau pay the costs of this action, including the United States Marshal's fee and expenses for service of a true copy of this Judment, as aforesaid.

DATED 2/3/04

Ernest C. Torres

United States District Judge

lit 6E

EXHIBIT 3

Worcester, SS. March 20th, 2004

I this day served the within, Default Judgments, upon the within named, David Comeau, As the Individual Defendant and President of NECSAS, the Corporate Defendant, by giving in hand to him, a true and attested copy thereof. To Wit: 35 Earle Street, 2nd Floor, in said Fall River, Massachusetts.

Time of Service: 12:48 P.M.
Service: $15.00***
Travel: $60.00***

Herve Vandal, Constable

EXHIBIT 4

**U.S. Department of Labor**

Office of the Solicitor
John F. Kennedy Federal Building - Rm. E-375
Boston, Massachusetts 02203

Reply to the Attention of:

SOL:GEG
SOL#02-35730

"SOLICITOR'S OFFICE"
2005 FEB 18 PM 1:12

David Comeau
35 Earle Street
Fall River, MA 02723

January 31, 2005

Subject: Elaine L. Chao, Secretary of Labor v.NECSAS Corp. and David Comeau
Civil Action File No.: CA-03-159T

Dear Mr. Comeau:

Your attention is called to the Order of the U.S. District Court for the District of Rhode Island issued on February 3, 2004, entering default judgment in the above-captioned matter in favor of the U.S. Department of Labor (copy enclosed). Accordingly, you have been directed to repay the NECSAS Corp. 401(k) Plan the amount of $60,023.09 and pre-judgment interest in the amount of $16,191.81, plus post-judgment interest, as a result of violations of the Employee Retirement Income Security Act of 1974 ("ERISA").

This letter is a formal demand that the amount of $76,214.90 plus post-judgment interest on this amount at the rate of 1.31% from February 3, 2004 to the date of payment be paid to the NECSAS Corp. 401(k) Plan on or before February 15, 2005. Proof of payment of this amount must be sent to me at this office address at the same time. If, in fact, you have already made any repayments, please forward documentation to this office as soon as possible.

If, however, you are unable to pay the full amount by February 15, 2005, we may discuss alternative payment arrangements (e.g., installment payments), provided you complete a financial affidavit. In any event, if payment is not forthcoming and no alternative arrangement is made, we will be obligated to take further court action to enforce the judgment.

Please contact me at (617) 565-2500, if you would like to discuss this matter further.

Sincerely,

Gail E. Glick

Gail E. Glick
Attorney

Enclosure

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF RHODE ISLAND

RECEIVED
JAN 13 2004
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, Plaintiff, v. NECSAS CORP., and DAVID COMEAU, Defendants. | CIVIL ACTION<br>FILE NO. CA-03-159T |

## DEFAULT JUDGMENT

Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor, having filed a complaint and defendants NECSAS Corp. and David Comeau, having been duly served with a copy of the complaint and summons, defendants NECSAS Corp. and David Comeau having failed to plead or otherwise defend within the time prescribed by law, and default of defendants NECSAS Corp. and David Comeau having been duly entered by the Clerk of this Court, and the truth of the allegations contained in the complaint having been made to appear by the affidavit of James M. Benages, Regional Director of the Employee Benefits Security Administration of the U.S. Department of Labor, now, therefore, upon application of the plaintiff and for cause shown,

JUDGMENT IS HEREBY ENTERED against defendants NECSAS Corp. and David Comeau in accordance with the prayer of the complaint in the above-styled action; and it is

7

ORDERED, ADJUDGED and DECREED that defendants NECSAS Corp. and David Comeau are permanently enjoined from violating Sections 404 and 406 of Title I of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*

It is also ORDERED, ADJUDGED and DECREED that defendants NECSAS Corp. and David Comeau reimburse the NECSAS Corp. 401(k) Plan in the amount of $60,023.09, representing the withheld employee contributions due and owing to the Plan, plus prejudgment interest in the amount of $ 16,191.81, calculated at the Internal Revenue Service interest rate for the applicable time period. Interest shall accrue from the date of this Judgment at the rate of 1.31%, the applicable Internal Revenue Service interest rate, until paid.

FURTHER, it is ORDERED that the United States Marshal cause a true copy of this Judgment to be served on defendants NECSAS Corp. and David Comeau and it is further

ORDERED that defendants NECSAS Corp. and David Comeau pay the costs of this action, including the United States Marshal's fee and expenses for service of a true copy of this Judment, as aforesaid.

DATED 2/3/04

Ernest C. Torres

United States District Judge

Worcester, SS. February 7th, 2005

I this day served the within, Demand Letter and Default Judgment, upon the within named, David Comeau, by giving in hand to him, a true and attested copy thereof., to wit: 35 Earle Street, in said Fall River, Massachusetts.

Time of Service: 4:54 P.M.

| | |
|---|---|
| Service: | $15.00*** |
| Travel: | $50.00*** |
| Total: | $65.00*** |

Herve Vandal, Constable

EXHIBIT 5

ATTORNEY
JOHN PATRICK LONG
722 EASTERN AVENUE, P.O. BOX 4177
FALL RIVER, MASSACHUSETTS 02723

(508) 674-4444
FAX (508) 676-5220

February 15, 2005

"SOLICITOR'S OFFICE"
2005 FEB 17 PM 12:47

U. S. Department of Labor
Office of the Solicitor
John F. Kennedy Federal Building – Rm E-375
Boston MA 02203

Attention: Gail E. Glick, Attorney

Re: Elaine L. Chao, Secretary of Labor v NECSAS Corp
and David Comeau – CIVIL ACTION NO.: CA-03-159T

Dear Attorney Glick:

I represent David Comeau. David is in receipt of your demand letter dated 31 January 2005. I have agreed to represent David (Pro-Bono).

As you suggest in the next to last paragraph of your letter, my client is unable to pay the full amount and/or any amount at this time.

My client will provide you with any information you require and make any reasonable alternate arrangements. Please provide me with any forms you may require and please provide me with a written request for information.

Thank you in advance for your understanding and cooperation.

Cordially,

John P. Long

JPL/vwm

EXHIBIT 6

**U.S. Department of Labor**

Office of the Solicitor
John F. Kennedy Federal Building - Rm. E-375
Boston, Massachusetts 02203

Reply to the Attention of:

SOL:GEG
SOL#02-35730

John Patrick Long, Esq.
722 Eastern Avenue
P.O. Box 4177
Fall River, MA 02723

February 23, 2005

Subject: **Secretary of Labor v. NECSAS Corp. and David Comeau**

Dear Attorney Long:

Pursuant to our phone discussion today, I am enclosing a Declaration of Financial Status for David Comeau to complete. Please return the completed Declaration, as well as copies of his tax returns for the past two (2) years, to me as quickly as possible at the above address.

If you have any questions, please contact me at (617) 565-2500. Thank you for your attention to this matter.

Gail E. Glick
Attorney

Enclosure

# DECLARATION OF FINANCIAL STATUS

STATE OF ____________________)

) SS:

COUNTY OF __________________)

I, David Comeau, declare under penalty of perjury that the following statement is an accurate and complete representation of my financial status:

*(Attach additional pages wherever space provided is insufficient.)*

## I. Name and Residence

A. Full name:

B. Social Security Number:

C. Spouse's full name:

D. Spouse's Social Security Number:

E. Your current residence:

F. Your current mailing address (if different from residence)

G. Residence area code and telephone number:

H. Business area code and telephone number:

I. Most recent prior residence:

## II. Occupation and Income

A. Current occupation:

B. Spouseș current occupation:

C. Employer (name, address and telephone number):

D. Spouseș employer (name, address and telephone number):

E. Length of current employment (if less than one year, indicate prior employer with address and telephone number):

F. Length of spouseș current employment (if less than one year, indicate prior employer with address and telephone number):

G. Self-employment during last three years (name(s), dates, location(s), type(s) of business):

H. Spouseș self-employment during last three years (name(s), dates, location(s), type(s) of business):

I. Gross wages, salary and/or commissions per pay period:

Affiant ____________

Spouse ____________

J. Payroll deductions per pay period:

| | | Affiant | Spouse |
|---|---|---|---|
| 1. Taxes | | | |
| | a. Federal | ________ | ________ |
| | b. State | ________ | ________ |
| | c. Local | ________ | ________ |
| | d. Social Security | ________ | ________ |
| 2. Insurance | | ________ | ________ |
| 3. Credit Union | | ________ | ________ |
| 4. Others (specify) | | ________ | ________ |

K. Take-home pay per period: ________ ________

L. Employers for last 10 years (names, addresses, and telephone numbers):

M. Gross wages for last 3 calendar years:

N. Wage assignments or allotments (with names, addresses, amounts, total owing)

O. Interest income for last 3 calendar years:

P. Dividends for last 3 calendar years:

Q. Income from all other sources for last 3 calendar years:

R. Capital gains or losses for last 3 calendar years:

S. Social Security payments and/or unemployment compensation for last year:

T. Distributions from Pension, Profit-Sharing, IRA, Keough, Annuity or deferred compensation for last 3 years:

U. Distributions from trusts or estates for last 3 years:

## III. Budget

A. Current monthly income:

1. Wages, salaries

Affiant: ______________

Spouse: ______________

2. Interest

Affiant: ______________

Spouse: ______________

3. Dividends

Affiant: ______________

Spouse: ______________

4. Other income from all sources (specify)

Affiant: ______________

Spouse: ______________

5. Total monthly income

Affiant: ______________

Spouse: ______________

B. Current monthly expenses:

1. Residential rent or mortgage ______________
2. Utilities ______________
3. Food ______________
4. Clothing ______________
5. Medical expenses ______________
6. Insurance (other than that deducted from wages) ______________
   a. Auto ______________
   b. Others (specify) ______________
7. Transportation (specify type) ______________
8. Recreation ______________
9. Dues (not deducted from wages) ______________
10. Taxes (not deducted from wages) ______________

11. Alimony or support payments ____________

12. Other expenses (specify)

____________________ ____________

____________________ ____________

____________________ ____________

____________________ ____________

TOTAL (Expenses) ____________

**IV. Taxes owed or refunds anticipated**

A. Federal ____________________

B. State ____________________

**V. Financial Accounts of Affiant, either individually or jointly held, and Revocable Trusts of which Affiant is qrantor/settlor (include all accounts at domestic and foreign institutions)**

A. Savings accounts or certificates of deposit (institutions, addresses, account numbers, balances):

B. Checking accounts (institutions, addresses, account numbers, balances):

C. Money market accounts (institutions, addresses, account numbers, balances):

D. Safe deposit boxes (institutions, addresses, account numbers, balances):

E. Vested pension benefits:

F. Interest in profit sharing or thrift plan, IRA, Keough, etc.:

G. Any other deferred compensation plan:

H. Any life insurance policies, including those with cash values:

I. Annuities:

**VI. Transfers of property during the last 3 years (including but not limited to any transfers to or from other family members)**

A. Gifts valued in excess of $500 made by affiant (names and addresses of donees, dates, description, value of gifts and basis for valuation):

B. Transfers of property, real or personal (absolute or as security) (names, addresses, dates, description and value of property transferred, basis for valuation, consideration and disposition of consideration):

C. Any revocable trust of which affiant is settlor:

## VII. Debts

| Creditors Name and Address | Initial Amount | Security | Repayment Schedule | Current Balance |
|---|---|---|---|---|

## VIII. Real Property (Affiant and Spouse)

| Location and Nature of Interest | Market Value | Amount of Mortgage | Other Mortgage or Security Interest |
|---|---|---|---|

## X. Personal Property

| Description | Market Value | Any Mortgage or Security Interest | Mortgage or Secured Creditor |
|---|---|---|---|
| A. Cars, trucks boats, other vehicles and their accessories | | | |
| B. Household goods, appliances and furnishings | | | |
| C. Art objects and collectibles (e.g., coins, stamps, etc.) | | | |
| D. Office equipment, furnishings and supplies | | | |
| E. Cash | | | |
| F. Cash value and interest in insurance policies | | | |
| G. Annuities | | | |
| H. Stock and interest in incorporated and unincorporated companies | | | |
| I. Mutual Fund Shares | | | |

**IX. Personal Property (Continued)**

| Description | Market Value | Any Mortgage or Security Interest | Mortgage or Secured Creditor |
|---|---|---|---|
| J. Interest in partnerships (limited or general) | | | |
| K. Equitable and future interests | | | |
| L. Machinery, fixtures and supplies used in business | | | |
| M. Any and all assets of your business | | | |
| N. Tangible personal property of any other description | | | |
| O. Receivables | | | |
| P. Patents, copyrights, licenses, franchises, and other general intangibles | | | |
| Q. Gold and other precious metals | | | |
| R. Jewelry, precious stones | | | |

**IX. Personal Property (Continued)**

| Description | Market Value | Any Mortgage or Security Interest | Mortgage or Secured Creditor |
|---|---|---|---|
| S. Government and corporate bonds and negotiable and non-negotiable instruments | | | |
| T. Contingent and unliquidated claims | | | |
| U. Other (specifify) | | | |

**X. Status of NECSAS, Corp.:**

A. Is the company operating?

If no, when did it cease operations?

If yes, since when?

1. Indicate the number of emp1oyees/workers?

2. What is the current cash/income derived?

3. Does the company have any bank accounts?

   If yes, provide the name and address of the banks and account numbers.

4. List the unencumbered assets of the company, including all stock, securities, real estate, equipment, vehicles, etc., and the value for each.

## XI. Other Business Interests:

A. State all other ownership interests you and your spouse have in businesses (e.g., corporations, partnerships, joint ventures, etc.):

Affiant:

Spouse:

B. Describe the nature of each business:

C. Identify the officers for each business:

D. What is the number of employees/workers?

E. What is the income/cash derived?

F. List the bank accounts (including names and addresses of the banks) for each business:

G. List the unencumbered assets of each business, including all stock, securities, real estate, equipment, vehicles, etc., and the value for each:

## XI. Repayments/Disbursements to NECSAS Corp. 401(k) Plan Participants:

A. Identify name and address of plan participants to whom you have made repayments/disbursements of plan assets.

B. Indicate amount paid to participants.

C. Indicate date(s) payments were paid.

D. Attach copies of proof of payments (e.g., cancelled checks).

I have reviewed the foregoing completed Declaration of Financial Status, and swear under the penalty of perjury that the information contained herein is accurate and complete.

Date: ______________________

______________________________
David Comeau

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>NECSAS CORP.,<br><br>and<br><br>DAVID COMEAU,<br><br>Defendants. | CIVIL ACTION<br><br>FILE NO. CA-03-159T |

**AFFIDAVIT**

COMMONWEALTH OF MASSACHUSETTS:
:SS
COUNTY OF SUFFOLK :

Gail E. Glick being duly sworn according to law deposes and says:

That she is an attorney employed by the Office of the Solicitor, United States Department of Labor, assigned to Region I, with a Regional Office situated at John F. Kennedy Federal Building, Room E-375, Boston, Massachusetts, 02203;

That she has examined the records and files of this Court and finds that on April 25, 2003 the Secretary of Labor instituted a civil action to enjoin the Defendants from violating the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*, (hereinafter referred to as "the Act" or "ERISA"), and to compel Defendants to pay restitution to

the NECSAS 401(k) Plan ("the Plan"), and to permanently enjoin the Defendants from serving as fiduciaries to any ERISA-covered plan. The action was instituted in the style of Secretary of Labor v. NECSAS Corp. and David Comeau Civil Action File No.: CA-03-159T; that on February 3, 2004 this Court entered a Judgment in this action ordering said Defendants to pay restitution to the Plan in the amount of $76,214.90 plus post-judgment interest at a rate of 1.31 per cent, and permanently enjoining said Defendants from serving as fiduciaries to any ERISA-covered plan in the future;

That Petitioner has made demand on the Defendants for the payment required by the Judgment by letter dated January 31, 2005 as well as by several telephone inquiries throughout 2005 and 2006, but, despite this demand and knowledge of the requirements of the Judgment, the said Defendants refused to make payment as ordered by the Court;

The aforesaid Judgment of this Court requires compliance with the provisions of ERISA as well as payment of restitution in the amount of $76,214.90 plus post-judgment interest at a rate of 1.31 per cent.

I declare under penalty of perjury that

the foregoing is true and correct.

Executed on November 2, 2006.

*/s/ Gail E. Glick*
Gail E. Glick
Attorney

# DECLARATION OF FINANCIAL STATUS

STATE OF ____________________)

) SS:

COUNTY OF __________________)

I, David Comeau, declare under penalty of perjury that the following statement is an accurate and complete representation of my financial status:

*(Attach additional pages wherever space provided is insufficient.)*

**I. Name and Residence**

A. Full name:

B. Social Security Number:

C. Spouse*s full name:

D. Spouse*s Social Security Number:

E. Your current residence:

F. Your current mailing address (if different from residence)

G. Residence area code and telephone number:

H. Business area code and telephone number:

I. Most recent prior residence:

## II. Occupation and Income

A. Current occupation:

B. Spouse's current occupation:

C. Employer (name, address and telephone number):

D. Spouse's employer (name, address and telephone number):

E. Length of current employment (if less than one year, indicate prior employer with address and telephone number):

F. Length of spouse's current employment (if less than one year, indicate prior employer with address and telephone number):

G. Self-employment during last three years (name(s), dates, location(s), type(s) of business):

H. Spouse's self-employment during last three years (name(s), dates, location(s), type(s) of business):

I. Gross wages, salary and/or commissions per pay period:

Affiant ______________

Spouse ______________

J. Payroll deductions per pay period:

| | | Affiant | Spouse |
|---|---|---|---|
| 1. Taxes | | | |
| | a. Federal | ________ | ________ |
| | b. State | ________ | ________ |
| | c. Local | ________ | ________ |
| | d. Social Security | ________ | ________ |
| 2. Insurance | | ________ | ________ |
| 3. Credit Union | | ________ | ________ |
| 4. Others (specify) | | ________ | ________ |

K. Take-home pay per period: ________ ________

L. Employers for last 10 years (names, addresses, and telephone numbers):

M. Gross wages for last 3 calendar years:

N. Wage assignments or allotments (with names, addresses, amounts, total owing)

O. Interest income for last 3 calendar years:

P. Dividends for last 3 calendar years:

Q. Income from all other sources for last 3 calendar years:

R. Capital gains or losses for last 3 calendar years:

S. Social Security payments and/or unemployment compensation for last year:

T. Distributions from Pension, Profit-Sharing, IRA, Keough, Annuity or deferred compensation for last 3 years:

U. Distributions from trusts or estates for last 3 years:

## III. Budget

A. Current monthly income:

1. Wages, salaries

Affiant: _______________

Spouse: _______________

2. Interest

Affiant: _______________

Spouse: _______________

3. Dividends

Affiant: _______________

Spouse: _______________

4. Other income from all sources (specify)

Affiant: _______________

Spouse: _______________

5. Total monthly income

Affiant: _______________

Spouse: _______________

B. Current monthly expenses:

1. Residential rent or mortgage ____________________
2. Utilities ____________________
3. Food ____________________
4. Clothing ____________________
5. Medical expenses ____________________
6. Insurance (other than that deducted from wages) ____________________
    a. Auto ____________________
    b. Others (specify) ____________________
7. Transportation (specify type) ____________________
8. Recreation ____________________
9. Dues (not deducted from wages) ____________________
10. Taxes (not deducted from wages) ____________________

11. Alimony or support payments ____________

12. Other expenses (specify)

____________________ ____________

____________________ ____________

____________________ ____________

____________________ ____________

TOTAL (Expenses) ____________

**IV. Taxes owed or refunds anticipated**

A. Federal ____________________

B. State ____________________

**V. Financial Accounts of Affiant, either individually or jointly held, and Revocable Trusts of which Affiant is qrantor/settlor (include all accounts at domestic and foreign institutions)**

A. Savings accounts or certificates of deposit (institutions, addresses, account numbers, balances):

B. Checking accounts (institutions, addresses, account numbers, balances):

C. Money market accounts (institutions, addresses, account numbers, balances):

D. Safe deposit boxes (institutions, addresses, account numbers, balances):

E. Vested pension benefits:

F. Interest in profit sharing or thrift plan, IRA, Keough, etc.:

G. Any other deferred compensation plan:

H. Any life insurance policies, including those with cash values:

I. Annuities:

## VI. Transfers of property during the last 3 years (including but not limited to any transfers to or from other family members)

A. Gifts valued in excess of $500 made by affiant (names and addresses of donees, dates, description, value of gifts and basis for valuation):

B. Transfers of property, real or personal (absolute or as security) (names, addresses, dates, description and value of property transferred, basis for valuation, consideration and disposition of consideration):

C. Any revocable trust of which affiant is settlor:

**VII. Debts**

| Creditors Name and Address | Initial Amount | Security | Repayment Schedule | Current Balance |
| --- | --- | --- | --- | --- |

**VIII. Real Property (Affiant and Spouse)**

| Location and Nature of Interest | Market Value | Amount of Mortgage | Other Mortgage or Security Interest |
| --- | --- | --- | --- |

## IX. Personal Property

| Description | Market Value | Any Mortgage or Security Interest | Mortgage or Secured Creditor |
|---|---|---|---|
| A. Cars, trucks boats, other vehicles and their accessories | | | |
| B. Household goods, appliances and furnishings | | | |
| C. Art objects and collectibles (e.g., coins, stamps, etc.) | | | |
| D. Office equipment, furnishings and supplies | | | |
| E. Cash | | | |
| F. Cash value and interest in insurance policies | | | |
| G. Annuities | | | |
| H. Stock and interest in incorporated and unincorporated companies | | | |
| I. Mutual Fund Shares | | | |

## IX. Personal Property (Continued)

| Description | Market Value | Any Mortgage or Security Interest | Mortgage or Secured Creditor |
|---|---|---|---|
| J. Interest in partnerships (limited or general) | | | |
| K. Equitable and future interests | | | |
| L. Machinery, fixtures and supplies used in business | | | |
| M. Any and all assets of your business | | | |
| N. Tangible personal property of any other description | | | |
| O. Receivables | | | |
| P. Patents, copyrights, licenses, franchises, and other general intangibles | | | |
| Q. Gold and other precious metals | | | |
| R. Jewelry, precious stones | | | |

**IX. Personal Property (Continued)**

| Description | Market Value | Any Mortgage or Security Interest | Mortgage or Secured Creditor |
|---|---|---|---|
| S. Government and corporate bonds and negotiable and non-negotiable instruments | | | |
| T. Contingent and unliquidated claims | | | |
| U. Other (specify) | | | |

**X. Status of NECSAS, Corp.:**

A. Is the company operating?

If no, when did it cease operations?

If yes, since when?

1. Indicate the number of emp1oyees/workers?

2. What is the current cash/income derived?

3. Does the company have any bank accounts?

   If yes, provide the name and address of the banks and account numbers.

4. List the unencumbered assets of the company, including all stock, securities, real estate, equipment, vehicles, etc., and the value for each.

## XI. Other Business Interests:

A. State all other ownership interests you and your spouse have in businesses (e.g., corporations, partnerships, joint ventures, etc.):

Affiant:

Spouse:

B. Describe the nature of each business:

C. Identify the officers for each business:

D. What is the number of employees/workers?

E. What is the income/cash derived?

F. List the bank accounts (including names and addresses of the banks) for each business:

G. List the unencumbered assets of each business, including all stock, securities, real estate, equipment, vehicles, etc., and the value for each:

**XI. Repayments/Disbursements to NECSAS Corp. 401(k) Plan Participants:**

A. Identify name and address of plan participants to whom you have made repayments/disbursements of plan assets.

B. Indicate amount paid to participants.

C. Indicate date(s) payments were paid.

D. Attach copies of proof of payments (e.g., cancelled checks).

I have reviewed the foregoing completed Declaration of Financial Status, and swear under the penalty of perjury that the information contained herein is accurate and complete.

Date: ______________________ ______________________________
David Comeau